*POSTED ON WEBSITE*
*NOT FOR PUBLICATION*

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re<br><br>DOUGLAS LEROY BLUNKALL,<br><br>          Debtor. | Case No. 19-27512-A-7<br>Docket Control No. ALG-1 |

**This Memorandum Decision is not appropriate for publication.
It may be cited for persuasive value on the matters addressed.**

**MEMORANDUM OPINION AND DECISION**

    Arvest Central Mortgage Company ("Movant") seeks relief from the automatic stay with respect to Douglas Leroy Blunkall's ("Debtor") real property commonly known as 24567 Clement Avenue, Los Molinos, California ("Property"). The hearing on the Motion was set for April 9, 2020. As stated in the Civil Minutes, the filing of a supplemental pleading was required to clearly have a correct record in this Contested Matter. The court continued the hearing to April 30, 2020, to allow for the filing of the supplemental pleading, for the court to consider the full records, and, if the documentation warranted it, removing the matter from the April 30, 2020 calendar and issuing the order without further hearing.

    Such supplemental pleading was filed on April 9, 2020. Dckt. 22. The record being complete, the matter is removed from the April 30, 2020 calendar and the court issues this Decision and order pursuant thereto.

    This is a core matter arising under the Bankruptcy Code for which the Bankruptcy judge issues the final order. 28 U.S.C. §§ 1334 and 157(a), and the referral of bankruptcy cases and all

related matters to the bankruptcy judges in this District. ED Cal. Gen Order 182, 223.

**REVIEW OF MOTION, SUPPLEMENTAL PLEADING,
AND SUPPORTING POINTS AND AUTHORITIES,
DECLARATION, AND EXHIBITS**

Movant seeks relief from the automatic stay to allow it to exercise its rights in the Property to foreclose on, obtain possession of, and take all other related actions necessary to realize the value of its collateral for its secured claim. Movant has provided the Declaration of Latoya Johnson to introduce evidence to authenticate the documents upon which it bases the claim and the obligation secured by the Property.

In the Supplement to the Motion filed on April 9, 2020 (Dckt. 22), Movant states with particularity the grounds upon which the relief is based.

Movant argues Debtor has not made two (2) post-petition payments, with a total of $2,488.14 in post-petition payments past due. Declaration, Dckt. 15. Movant also provides evidence that there are 16 pre-petition payments in default, with a pre-petition arrearage of $19,659.82. *Id*.

**CHAPTER 7 TRUSTEE'S NON-OPPOSITION**

Nikki B. Farris ("the Chapter 7 Trustee") filed a statement of no opposition. Trustee's March 6, 2020 Docket Entry Statement.

**DISCUSSION**

From the evidence provided to the court, and only for purposes of this Motion for Relief, the debt secured by this asset is determined to be $118,481.43 (Declaration, Dckt. 15), while the value of the Property is determined to be $100,000.00, as stated in Schedules B and D filed by Debtor.

**11 U.S.C. § 362(d)(1): Grant Relief for Cause**

Whether there is cause under 11 U.S.C. § 362(d)(1) to grant relief from the automatic stay is a matter within the discretion of a bankruptcy court and is decided on a case-by-case basis. *See J E Livestock, Inc. v. Wells Fargo Bank, N.A. (In re J E Livestock, Inc.)*, 375 B.R. 892 (B.A.P. 10th Cir. 2007) (quoting *In re Busch*, 294 B.R. 137, 140 (B.A.P. 10th Cir. 2003)) (explaining that granting relief is determined on a case-by-case basis because "cause" is not further defined in the Bankruptcy Code); *In re Silverling*, 179 B.R. 909 (Bankr. E.D. Cal. 1995), *aff'd sub nom. Silverling v. United States (In re Silverling)*, No. CIV. S-95-470 WBS, 1996 U.S. Dist. LEXIS 4332 (E.D. Cal.

1996). While granting relief for cause includes a lack of adequate protection, there are other grounds. *See In re J E Livestock, Inc.*, 375 B.R. at 897 (quoting *In re Busch*, 294 B.R. at 140). The court maintains the right to grant relief from stay for cause when a debtor has not been diligent in carrying out his or her duties in the bankruptcy case, has not made required payments, or is using bankruptcy as a means to delay payment or foreclosure. *W. Equities, Inc. v. Harlan (In re Harlan)*, 783 F.2d 839 (9th Cir. 1986); *Ellis v. Parr (In re Ellis)*, 60 B.R. 432 (B.A.P. 9th Cir. 1985). The court determines that cause exists for terminating the automatic stay, including defaults in post-petition payments that have come due. 11 U.S.C. § 362(d)(1); *In re Ellis*, 60 B.R. 432.

**11 U.S.C. § 362(d)(2)**

A debtor has no equity in property when the liens against the property exceed the property's value. *Stewart v. Gurley*, 745 F.2d 1194, 1195 (9th Cir. 1984). Once a movant under 11 U.S.C. § 362(d)(2) establishes that a debtor or estate has no equity in property, it is the burden of the debtor or trustee to establish that the collateral at issue is necessary to an effective reorganization. 11 U.S.C. § 362(g)(2); *United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs. Ltd.*, 484 U.S. 365, 375–76 (1988). Based upon the evidence submitted, the court determines that there is no equity in the Property for either Debtor or the Estate. 11 U.S.C. § 362(d)(2). This being a Chapter 7 case, the Property is *per se* not necessary for an effective reorganization. *See Ramco Indus. v. Preuss (In re Preuss)*, 15 B.R. 896 (B.A.P. 9th Cir. 1981).

**Discharge Granted Debtor**

Debtor was granted a discharge in this case on March 11, 2020. Dckt. 20. Granting of a discharge to an individual in a Chapter 7 case terminates the automatic stay as to that debtor by operation of law, replacing it with the discharge injunction. *See* 11 U.S.C. §§ 362(c)(2)(C), 524(a)(2). There being no automatic stay, the Motion is denied as moot as to Debtor. The Motion is granted as to the Estate.

The court shall issue an order terminating and vacating the automatic stay to allow Movant, and its agents, representatives and successors, and all other creditors having lien rights against the Property, to conduct a nonjudicial foreclosure sale pursuant to applicable nonbankruptcy law and their contractual rights, and for any purchaser, or successor to a purchaser, at the nonjudicial

foreclosure sale to obtain possession of the Property.

**Request for Waiver of Fourteen-Day Stay of Enforcement**

Federal Rule of Bankruptcy Procedure 4001(a)(3) stays an order granting a motion for relief from the automatic stay for fourteen days after the order is entered, unless the court orders otherwise. Movant requests, for no particular reason, that the court grant relief from the Rule as adopted by the United States Supreme Court.

In the Supplement to the Motion, Movant states that in light of the Trustee filing a non-opposition and the stay as to the Debtor having already been terminated by operation of law upon entry of the discharge in this case, as well as the defaults and the lack of equity, as grounds for requesting the court to waive the fourteen (14) day stay of enforcement. Such are sufficient and proper grounds, and the court waives such stay for cause.[1]

No other or additional relief is granted by the court.

Dated: April 13, 2020

By the Court

/s/ Ronald H. Sargis
Ronald H. Sargis, Judge
United States Bankruptcy Court

---

[1] The grounds in the Supplement to the Motion still includes a catchall, "<u>For all the reasons</u> discussed herein, and <u>in the documents filed in support of the Motion</u>, Movant is entitled to . . . waiver of the fourteen (14) day stay . . . ." Supplement to the Motion, p. 4:11-13; Dckt. 22. As the court discusses in the Civil Minutes from April 9, 2020 and at that hearing with counsel, it is inappropriate for the court to canvas the pleadings and assemble what grounds the court thinks that the moving party would assert as the grounds stated with particularity (Fed. R. Bankr. 9013) in the motion. It is not appropriate for the court to provide such legal services to one party over the other. The court may construe the movant as asserting an improper grounds, and then issue an order to show cause pursuant to Federal Rule of Bankruptcy Procedure 9011 for both the movant and counsel.

4

# Instructions to Clerk of Court
### Service List - Not Part of Order/Judgment

**The Clerk of Court is instructed to** send the Order/Judgment or other court generated document transmitted herewith *to the parties below*. The Clerk of Court will send the document via the BNC or, if checked ____, via the U.S. mail.

| **Debtor**(s) | **Attorney for the Debtor**(s) (if any) |
|---|---|
| **Bankruptcy Trustee** (if appointed in the case) | Office of the U.S. Trustee<br>Robert T. Matsui United States Courthouse<br>501 I Street, Room 7-500<br>Sacramento, CA 95814 |
| Arnold L. Graff, Esq.<br>4665 MacArthur Court, Ste. 300<br>Newport Beach, CA 92660 | |